**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **SABA'S GRILL AND WOK, LLC,** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | **Civil Action No.** | |
| § | | |
| **PETER ZOGRAFOS AND** § | | |
| **TEXAS FARMERS INSURANCE** § | | |
| **COMPANY** § | | |
| Defendants. § | | |
| § | | |

**NOTICE OF REMOVAL**

NOW INTO COURT, through undersigned counsel, comes Defendant, Texas Farmers Insurance Company ("Texas Farmers"), a Write-Your-Own ("WYO") Program carrier participating in the United States government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968, as amended ("NFIA"),[1] appearing herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States,"[3] and at the expense of the U.S. Treasury.[4] As discussed herein, Plaintiff's lawsuit may only be addressed in this federal court, because Plaintiff has succinctly placed at issue matters exclusively regulated by the Federal Emergency Management Agency ("FEMA") under authority of the Congress pursuant to 42 U.S.C. § 4013(a). Texas Farmers therefore files this Notice of Removal removing this matter from the 190th Judicial District Court of Harris County, Texas, to the docket of this Honorable Court. An index of all documents being filed contemporaneously with this Notice of Removal is attached as Exhibit "A." In that respect, Texas Farmers would respectfully show as follows:

---

[1] *See* 42 U.S.C. § 4001 *et seq.*
[2] 44 C.F.R. § 62.23(f).
[3] 42 U.S.C. § 4071(a)(1); *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir.1998).
[4] *Grissom v. Liberty Mu. Fire Ins. Co.*, 678 F.3d. 397, 399-400, 402 (5th Cir. 2012).

**I.**

1. On April 21, 2020, Plaintiff, Saba's Grill and Wok, LLC, filed a lawsuit entitled "*Saba's Grill and Wok, LLC v. Peter Zografos and Texas Farmers Insurance Company*," in the 190th Judicial District Court of Harris County, Texas, bearing Docket No. 2020-24849. *See* Exhibit B attached hereto, a certified copy of Plaintiff's lawsuit and all pleadings served on Texas Farmers to date.

2. Texas Farmers hereby removes this case from state court to this federal court, pursuant to 42 U.S.C. § 4072, 44 C.F.R. Pt. 61, App. A(2), Articles VII(R) and Article IX, 28 U.S.C. § 1331, 28 U.S.C. § 1337, 28 U.S.C. § 1367 and 28 U.S.C. § 1441(c).

**II.**

**A.    REVIEW OF THE PLAINTIFF'S ORIGINAL PETITION**

3. At Paragraph 5.1, Plaintiff alleged Natalie Cohen and Oren Cohen are the owners of Saba's Grill and Wok, LLC which leases its location in a strip center located at 5412[5] S. Braeswood Blvd., Houston, TX 77096. Further, Plaintiff alleged the Cohens spent over $300,000 to "finish out" their restaurant and over $100,000 of that was spent on the interior building finish out.

4. At Paragraph 5.2, Plaintiff alleged in September 2016, the Cohens purchased a Flood Insurance policy from Texas Farmers with building limits up to $70,000 and contents limits up to $30,000 and with the policy period from September 25, 2016 to September 25, 2017. The Flood Policy is a General Property Form Standard Flood Insurance Policy ("SFIP"), codified at 44 C.F.R. Pt. 61, App. A(2) and is attached hereto as Exhibit C. Further, Plaintiff alleged the

---

[5] The "5412" number appears to be an error as the address for Saba's Grill and Wok is "5413" S. Braeswood Blvd., Houston, TX 77096.

Flood Insurance policy specifically included all the fixtures and additions made to the walls and floors of the space to accommodate Plaintiff's business and to protect the $300,000 the Cohens spent finishing out the leased space.

5. At Paragraph 5.3, Plaintiff alleged on or about August 25, 2017, Hurricane Harvey hit Houston and Plaintiff's restaurant was flooded with over three feet of standing water, necessitating a wide range of repairs that cost over $99,000. Further, Plaintiff alleged all the repairs were performed to the inside of the leased space as part of the "Building" and that in addition to the building damage, there was extensive damage to the contents of the premise that costs over $60,000 to replace.

6. At Paragraph 5.4, Plaintiff alleged it made a claim to Texas Farmers under the flood policy for damage to the contents and for recovery of the repairs done to the restaurant that should have been covered under the "Building" portion of the policy. Further, Plaintiff alleged that after several months, Texas Farmers paid Plaintiff the $30,000 policy limits for "Contents" but denied paying anything under the "Building" coverage claiming that since Plaintiff was a tenant of a leased space without ownership interest in the building itself, it lacked standing or an insurable interest in the "Building" coverage. Plaintiff alleged that the Texas Farmers Declarations Page clearly described the subject leased premises was located in a "Strip Center". The Declarations Page referenced by Plaintiff is attached hereto as Exhibit D.

7. At Paragraph 5.6, Plaintiff alleged that contrary to Texas Farmers' position, the flood insurance policy purchased by Plaintiff does not contain language that excludes "building" coverage from a tenant of a strip center leasing a space without an ownership interest in the center itself.

8. At Paragraph 6.1, Plaintiff alleged Texas Farmers breached the contract it had with Plaintiff by denying and refusing to adequately pay the claim as mandated under the terms of the flood policy.

9. At Paragraphs 6.2 and 6.3, Plaintiff alleged that Texas Farmers violated various provisions of the Texas Insurance Code in its handling of Plaintiff's flood loss claim.

10. At Paragraph 6.4, Plaintiff alleged Texas Farmers, as the provider and/or administrator of flood insurance, had a non-delegable duty to deal fairly with Plaintiff in processing the flood loss claim and that it breached its duty by refusing insurance benefits for a covered loss.

11. At Paragraphs 6.5 and 6.6, Plaintiff alleged both Defendants violated the Texas Insurance Code by misrepresenting an insurance policy.

12. At Paragraph 8.1, Plaintiff alleged as a consequence of Defendants' violation of the Texas Insurance Code, Plaintiff is entitled to actual damages in the amount of $70,000 which represents the "Building" coverage that Texas Farmers denied as well as treble damages, court costs and attorney's fees.

13. At Paragraph 9.1, Plaintiff seeks damages against Defendants for actual damages in the amount of $70,000, treble damages, court costs, attorney's fees, pre-judgment and post-judgment interest and such other relief to which Plaintiff may be justly entitled.

**B. THE FEDERAL GOVERNMENT'S RULES AND THE WYO PROGRAM CARRIER'S ROLE**

14. Congress underwrites all operations of the NFIP through the U.S. Treasury. This includes appropriations for both the adjustment of claims and the payment of those claims. Similarly, Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically FEMA.

15. Congress delegated rulemaking authority exclusively to the Federal Government to determine the conditions of insurability and to write the flood policy. *See,* 42 U.S.C. § 4013(a). Decades ago, FEMA exercised its authority under § 4013(a) to adopt, by regulation, the terms and conditions of insurability, which includes the SFIP codified at 44 C.F.R. Pt. 61, App. A(2).

16. Pursuant to Congressional authorization found at 42 U.S.C. § 4071(a)(1), FEMA uses "Write-Your-Own" companies like Texas Farmers to aid it in its statutory duty to administer the National Flood Insurance Program. *See also*, 42 U.S.C. § 4081(a)(permitting FEMA's Director to enter into arrangements with private insurance companies in order to make use of their "facilities and services"); 44 C.F.R. § 62.23(a)-(d) (establishing the WYO program to permit private insurers to sell and administer Standard Flood Insurance Policies).

17. Texas Farmers, as a WYO Program carrier, is authorized to issue the SFIP which is a federal regulation found at 44 C.F.R. Pt. 61, App. A(2), on behalf of the federal government pursuant to the "Arrangement" between itself and FEMA.[6] The flood policy referenced is a General Property Form SFIP codified and found at 44 C.F.R. Pt. 61, App. A(2), a copy of which is attached as Exhibit C.

18. Texas Farmers cannot waive, alter or amend any of the provisions of the SFIP. *See,* 44 C.F.R. § 61.13(d) and 44 C.F.R. Pt. 61, App. A(2), Art. VII(D).

19. The payments that Plaintiff seeks in this lawsuit constitute a direct charge on the public treasury, and would be binding upon the federal government. *See*, *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998). Further, there is a presumption that federal funds are at risk in NFIP litigation, including the sale and administration of flood policies. *See, Grissom v. Liberty Mut. Fire Ins. Co.,* 678 F.3d 397, 402 (5th Cir. 2012).

---

[6] The Arrangement can be found at https://www.fema.gov/media-library/assets/documents/17972.

20. The National Flood Insurance Program, the Standard Flood Insurance Policy, and the Write-Your-Own Program carriers participating in the National Flood Insurance Program are all governed by federal law, not state law. *See*, *West v. Harris,* 573 F.2d 873 (5th, Cir. 1978), *cert. denied* 440 U.S. 946, 99 S.Ct. 1424) (1979), wherein the Fifth Circuit Court of Appeals stated the following:

> "Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law."

573 F.2d at 881.

21. Based upon the foregoing, it is clear that the NFIP, SFIP and WYO Program carriers participating in the NFIP, such as Texas Farmers, are all governed by federal law, not state law.

## C. FEDERAL JURISDICTION

### (1) 42 U.S.C. § 4072 - Original Exclusive Jurisdiction

22. 42 U.S.C. § 4072, conveys "original exclusive" jurisdiction over claims involving claims handling and administration of the SFIP. This original, exclusive jurisdiction encompasses all claims relating to the provision of flood insurance under the NFIA regardless of whether they are pled in contract, tort, or other state statutory remedies, and regardless of whether the named defendant is FEMA or a WYO insurer.

### (2). 28 U.S.C. § 1331 - Federal Question Jurisdiction

23. Plaintiff alleged Texas Farmers breached the contract of insurance by denying and refusing to adequately pay the claim under the terms of the flood policy. *See*, Plaintiff's Original Petition, ¶6.1. Texas Farmers contends that the SFIP is a codified federal regulation found in its

entirety at 44 C.F.R. Pt. 61, App. A(2) and is governed exclusively by federal laws and the NFIA. As per the terms of the SFIP, "this policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001, et seq.), and federal common law." 44 C.F.R. Pt. 61, App. A(2), Article IX. (Exhibit C) Because the flood policy must be interpreted using federal common law, federal jurisdiction exists pursuant to 28 U.S.C. § 1331. *See, Construction Funding, L.L.C. v. Fidelity Nat. Indem. Ins. Co.*, 636 F. App'x. 207, 209 (5th Cir. 2016); *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 531 (5th Cir. 2015).

24. In order to determine what, if any, U.S. Treasury benefits the Plaintiff may be entitled to receive, the Court will necessarily have to interpret the SFIP itself as well as the federal laws, regulations, statutes and the FEMA's Manuals governing the SFIP, including renewals of SFIPs. Regardless of the source of funding for Plaintiff's alleged actual damages, the Court will have to interpret the SFIP and NFIP rules, regulations and FEMA written guidance to determine whether the damages alleged fall within coverage of the SFIP – a federal regulation. Federal common law governs such interpretation, and "if the language of a policy is clear and unambiguous, it should be accorded its natural meaning." *Hanover Building Materials v. Guiffrida*, 748 F.2d 1011, 1013 (5th Cir. 1984). As the SFIP is a federal law, and the NFIP rules are promulgated by FEMA – the federal agency charged by the Congress with administering the NFIP, necessarily the interpretation of the SFIP (and the federal laws governing the operation of the NFIP) to determine the coverage provided thereunder, and any amounts due under the SFIP, would require the interpretation of a federal law which presents a federal question.

25. Pursuant to 28 U.S.C. ' 1331, and by operation of 28 U.S.C. ' 1441(a), (b) and (c), Texas Farmers asserts that there are multiple federal questions presented within the Plaintiff's Original Petition thereby making the action removable pursuant to 28 U.S.C. ' 1331.

### (3). Federal Jurisdiction under 28 U.S.C. §1337

26. Removal of this case is also proper under 28 U.S.C. ' 1337, which provides that the district court shall have original jurisdiction of any civil action or proceeding arising under any act of Congress regulating interstate commerce. Under the NFIA, 42 U.S.C. § 4001, *et seq.*, Congress is regulating commerce by promulgating this complex and comprehensive statutory scheme known as the National Flood Insurance Program. *See, C.E.R. 1988, Inc. v. Aetna Cas. & Surety Co.*, 386 F.3d 263, 267 FN3 (3rd Cir. 2004). Under § 1337, removal is proper where the facts alleged in the plaintiff's petition bring into play an act of Congress that regulates commerce, regardless of whether any reference to the said act appears in the Plaintiff's pleadings. *See, Uncle Ben's International Division of Uncle Ben's Inc. v. Hapag-Lloyd Aktiengesellschaft,* 855 F.2d 215, 216-17 (5th Cir. 1988); *Crispin Co. v. Lykes Bros. Steamship Co.*, 134 F.Supp.704, 706 (S.D.Tex. 1955); and *Commonwealth of Puerto Rico v. Sea-Land Service Inc.*, 349 F.Supp.964, 973-74 (D.P.R. 1970).

### D. THERE IS SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS

27. To the extent that any of the claims of the Plaintiff are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. § 1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367. *See Exxon Mobile Corp. v. Allapattah Services, Inc.*, 125 S.Ct. 2611, 2620 (2005).

### E. PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET

28. Texas Farmers notes that its first knowledge or notice of the suit was on or about May 11, 2020. This Notice of Removal was filed on May 22, 2020. Thus, this Notice of Removal is "filed within the thirty days after receipt by the defendant," as required by 28 U.S.C. § 1446(b), and it is therefore timely.

29. The property is located at 5412 S. Braeswood Blvd., Houston, Texas 77096. *See* Plaintiff's Original Petition, ¶5.1. Thus, venue is proper in this Court pursuant to 42 U.S.C. § 4072 and 44 C.F.R. Pt. 61, App. A(2), Art. VII(R), as the property is located within the jurisdictional territory of this Court.

30. Co-Defendant, Peter Zofragos, consents to remove this action to federal court. *See*, Exhibit E.

31. Pursuant to 28 U.S.C. § 1446(a), attached hereto as Exhibit B is a copy of all processes, pleadings, and orders served on Texas Farmers to date.

### CONCLUSION

WHEREFORE, Defendant, Texas Farmers Insurance Company, prays that this Notice of Removal will be deemed good and sufficient, and that this matter will be accepted onto this Court's docket.

Dated: May 22, 2020	Respectfully submitted,

**BAKER & HOSTETLER, LLP**

*/s/ Bradley K. Jones*
Douglas D. D'Arche
State Bar No. 00793582
Bradley K. Jones
State Bar No. 24060041
Ryan A. Walton
State Bar No. 24105086
811 Main St., Suite 1100
Houston, Texas 77002
Telephone: (713) 751-1600
Facsimile: (713) 751-1717
Email: ddarche@bakerlaw.com
Email: bkjones@bakerlaw.com
Email: rwalton@bakerlaw.com

And

**NIELSEN & TREAS, LLC**

*/s/ Kim Tran Britt*
Kim Tran Britt
TX Fed. Bar #594865
Louisiana State Bar #24896
3838 N. Causeway Boulevard, Suite 2850
Metairie, Louisiana 70002
Telephone: (504) 837-2500
Facsimile: (504) 832-9165
Email: kbritt@nt-lawfirm.com

**COUNSEL FOR DEFENDANT, TEXAS FARMERS INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing was served upon all counsel of record via CM/ECF System this 22nd day of May, 2020.

Todd G. Riff
Gaily M. Bultron
RIFF & ASSOCIATES, P.C.
903 Welch St.
Houston, Texas, 77006
*Attorney for Plaintiff*

E. Ray Edwards
GANN & EDWARDS
7500 San Felipe. Ste. 777
Houston, Texas 77063
*Attorney for Defendant,*
*Peter Zografos*

                                          */s/ Bradley K. Jones*
                                          Bradley K. Jones