Case 4:20-cv-01784   Document 1-2   Filed on 05/22/20 in TXSD   Page 1 of 20

4/21/2020 12:56 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 42445951
By: Lisa Thomas
Filed: 4/21/2020 12:56 PM

CAUSE NO. _____

| | | |
|---|---|---|
| SABA'S GRILL AND WOK, LLC | § § § § | IN THE DISTRICT COURT OF |
| V. | § § § § | HARRIS COUNTY, TEXAS |
| PETER ZOGRAFOS AND | § § | |
| TEXAS FARMERS INSURANCE COMPANY | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Saba's Grill and Wok, LLC, Plaintiff in the above entitled and numbered cause, and files this Original Petition complaining of Defendants Peter Zografos and Texas Farmers Insurance Company and would respectfully show the Court as follows:

### I.
### DISCOVERY PLAN

1.1   Pursuant to TEX. R. CIV. PROC. 190, it is anticipated that discovery will be conducted under a Level 2 discovery plan.

### II.
### EXPEDITED TRIAL RULE

2.1   As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000. The



Certified Document Number: 90311418 - Page 1 of 8

EXHIBIT B

amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

### III.
### PARTIES

3.1 Plaintiff Saba's Grill and Wok, LLC is a limited liability company duly incorporated in the State of Texas.

3.2 Defendant Peter Zografos is an individual and can be served with Citation and a copy of Plaintiff's Original Petition at his Farmers Insurance Agency located at 5322 W. Bellfort St., Ste. 206, Houston, Harris County, TX 77035-3038.

3.3 Defendant Texas Farmers Insurance Company is a duly incorporated insurance company authorized to do business in the State of Texas. It can be served with Citation and a copy of Plaintiff's Original Petition by serving its registered agent, Christine R. Granger at 15700 Long Vista Drive, Austin, TX 78728-3822.

### IV.
### JURISDICTION AND VENUE

4.1 The damages in this case, exclusive of interest and costs, are within the jurisdictional limits of this Court.

4.2 This court has jurisdiction over Texas Farmers Insurance Company because this Defendant is a duly incorporated insurance company in the State of Texas.

4.3 Venue of this lawsuit is proper in Harris County, Texas because it is the county where a substantial part of the events or omissions giving rise to this cause of action occurred.

## V.
## STATEMENTS OF FACT AND GENERAL ALLEGATIONS

5.1 Natalie Cohen and her husband, Oren Cohen, are the owners of Saba's Grill and Wok, LLC. This entity owns a restaurant of the same name and leases its location in a strip center at 5412 S. Braeswood Blvd., Houston, TX 77096. The Cohens spent over $300,000 to "finish out" their restaurant prior to opening it for business and over $100,000 of that was spent on the interior building finish out.

5.2 In September 2016, the Cohens bought a "Flood Insurance" policy from Defendant Texas Farmers Insurance Company ("Farmers") with a policy period from September 25, 2016 to September 25, 2017. The policy specifically covered the "Building" up to $70,000 and the "Contents" up to $30,000. The Cohens bought the policy through Farmers agent, Peter Zografos, after they were advised by him that it would cover everything in the "Building" and its "Contents" up to the stated limits. This specifically included all the fixtures and additions made to the walls and floors of the space to accommodate Plaintiff's business and to protect the $300,000 the Cohens spent finishing out the leased space.

5.3 On or about August 25, 2017, Hurricane Harvey hit the Houston, Texas area and thousands of homes and business sustained massive water damage and had to be gutted. Plaintiff's restaurant was flooded with over three feet of standing water, necessitating a wide range of repairs that cost over $99,000. The repairs included removal of sheet rock, walls, carpentry and electrical among other things. All the repairs were performed to the inside of the leased space as part of the "Building". In addition to the building damage, there was extensive damage to the contents of the premises that cost over $60,000 to replace.

Certified Document Number: 90311418 - Page 3 of 8

5.4 Plaintiff made a claim to Defendant Farmers under the flood policy for the damages to the "Contents" and for recovery of the repairs done to the restaurant that should have been covered under the "Building" portion of the policy. After several months, Farmers paid Plaintiff the $30,000 policy limits for the "Contents" but denied paying anything under the "Building" coverage alleging that since Plaintiff was a tenant of a leased space without ownership interest in the building itself, it lacked standing or an insurable interest in the "Building" coverage. Of course, no one at Farmers bothered to tell the Cohens that they were paying for $70,000 of "Building" coverage that was of no value whatsoever to them, despite the fact that clearly stated on the Farmers Declarations Page was a description that the subject leased premises was located in a "Strip Center".

5.5 Defendant Peter Zografos has been an independent agent for Farmers since 1999. His office says he is a Farmers agent as does the placard on the side of the truck he drives. Who better to understand and explain the contents of a Farmers Insurance policy than someone who has been a Farmers agent for over 20 years? It was this stated experience and expertise that the Cohens relied upon when purchasing their company's flood insurance from Farmers Insurance through Farmers Insurance Agent Peter Zografos. Unfortunately, 70% of the policy was worthless and both Defendants knew it. Despite this, Zografos sold the Cohens a bill of goods and Farmers readily accepted their insurance premiums costing about $1,000 annually for the Building coverage alone knowing full well that if a loss was reported under the Building coverage, as was done after Hurricane Harvey, Farmers would flat out deny the claim.

5.6 Further and contrary to Farmers' allegations, the subject insurance policy purchased by Plaintiff does not contain language that excludes "building" coverage from a tenant of a strip center leasing a space without an ownership interest in the center itself.

Certified Document Number: 90311418 - Page 4 of 8

# VI.
# CLAIMS FOR RELIEF

**Breach of Contract**

6.1     Defendant Texas Farmers Insurance breached the contract it had with the Plaintiff by denying and refusing to adequately pay the claim as mandated under the terms of the Policy in question.

**Noncompliance with Texas Insurance Code**

6.2   Defendant Texas Farmers Insurance has violated the Sec. 542.003 (b)(1) and (b)(5) of the Texas Insurance Code which states as follows:

> Unfair Claim Settlement Practices Prohibited
> (a)  An insurer engaging in business in this state may not engage in an unfair claim settlement practice.
> (b)  Any of the following acts by an insurer constitutes unfair claim settlement practices:
>> (1)  knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue; and
>> (5) compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder.

6.3     Defendant Texas Farmers Insurance has violated Sec. 541.060 of the Texas Insurance Code which states as follows:

> (a)  It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary:
>> (1)  misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;
>> (2)  failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of:
>>> (A)  a claim with respect to which the insurer's liability has become reasonably clear.

**Breach of Duty of Good Faith and Fair Dealing**

6.4     Defendant Texas Farmers Insurance, as the provider and/or administrator of flood insurance, had a non-delegable duty to deal fairly with Plaintiff in the processing of the claim. Farmers Insurance breached its duty by refusing insurance benefits for a covered loss. Farmers knew or should have known their liability was clear and there was no reasonable basis to deny the claim or delaying the payment of benefits. Farmers' breach obligated the Plaintiff to hire an attorney and suffered legal damages.

**Misrepresentation of Insurance Policy**

6.5     Defendants Peter Zografos and Farmers Insurance have violated Sec. 541.061 of the Texas Insurance Code which states as follows:

It is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to misrepresent an insurance policy by:
  (1)   making an untrue statement of material fact;
  (2)   failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; and
  (3)   making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact.

6.6     Each act described above, was done by both Defendants "knowingly" as that term is used in the Texas Insurance Code, which produced Plaintiff's damages.

## VII.
## CONDITIONS PRECEDENT

7.1     All conditions precedent to Plaintiff's rights to recover have been fully performed in compliance with Sec. 541.154 of the Texas Insurance Code

Certified Document Number: 90311418 - Page 6 of 8

## VIII.
## DAMAGES

8.1 As a consequence of Defendants' knowing deceptive practices and pursuant to Sec. 541.152 of the Texas Insurance Code, Plaintiff is entitled to recover the following damages:

(1) Actual damages in the amount of $70,000 which represents the "Building" coverage Farmers wrongfully denied;

(2) An amount up to $210,000 which is three times the actual damages;

(3) Costs of court and expenses necessary for preparation of this case for trial; and

(4) Reasonable and necessary attorney's fees.

## IX.
## PRAYER

9.1 For the above reasons, Plaintiff requests that Defendants be cited to answer and appear, and after a trial on the merits before a jury, Plaintiff be awarded damages against Defendants as follows:

a. Actual damages suffered by Plaintiff in the amount of $70,000;

b. An amount up to $210,000 which is three times the actual damages;

c. Costs of court and expenses necessary for preparation of this case for trial;

d. Reasonable and necessary attorney's fees;

d. Pre-judgment and post-judgment interest at the highest legal rate; and

e. Such other relief to which Plaintiff may be justly entitled.

# X.
# REQUESTS FOR DISCLOSURE

10.1   Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a) – (l) of the Texas Rules of Civil Procedure.

Respectfully submitted,

**RIFF & ASSOCIATES, P.C.**

*/s/ Todd G. Riff*
**TODD G. RIFF**
State Bar No. 16915870
triff@rifflawfirm.com
**GAILY M. BULTRON**
State Bar No. **24115463**
gbultron@rifflawfirm.com
903 Welch St.
Houston, Texas 77006
(713) 237-1100 Telephone
(713) 237-0278 Facsimile

**ATTORNEYS FOR PLAINTIFF**

Certified Document Number: 90311418 - Page 8 of 8



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   May 19, 2020

Certified Document Number:        90311418 Total Pages:  8

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Case 4:20-cv-01784   Document 1-2   Filed on 05/22/20 in TXSD   Page 10 of 20

5/1/2020 12:18 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 42687379
By: Ozuqui Quintanilla
Filed: 5/1/2020 12:18 PM

CAUSE NO. 2020-24849

| | | |
|---|---|---|
| SABA'S GRILL AND WOK, LLC | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| PETER ZOGRAFOS AND TEXAS | § | |
| FARMERS INSURANCE COMPANY | § | 190TH JUDICIAL DISTRICT |

## PETER ZOGRAFOS' ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant, PETER ZOGRAFOS, and files this Original Answer with Affirmative Defenses in response to Plaintiff's Original Petition, and would respectfully show the Court the following:

## I.
## GENERAL DENIAL

1. In accordance with Rule 92 of the Texas Rules of Civil Procedure, Defendant, PETER ZOGRAFOS, generally denies the allegations contained in Plaintiff's Original Petition, and any amendments and supplements thereto, and demand strict proof by a preponderance of the evidence as required by Texas law.

## II.
## AFFIRMATIVE DEFENSES

2. Pleading further, if such be necessary, Defendant allege Plaintiff's claims for damages are barred, in whole or in part, whether under the doctrine of comparative responsibility or failure to mitigate damages, by the acts or omission of Plaintiff.

3. Plaintiff's claims are subject to all of the terms, conditions, limitations, exclusions and deductibles contained in a Standard Flood Insurance Policy issued by FEMA to Plaintiff.

4. The amounts recoverable for Plaintiff's claims are limited by the applicable limits and any sub-limits contained in a Standard Flood Insurance Policy issued to Plaintiff.

5. Plaintiff's claims are barred in whole, or in part, to the extent the damage, if any, was not caused by or resulting from a covered cause of loss; to the extent the damages, if any, was not to property covered by the Flood Policy in question; and any physical loss or damage claimed under a Standard Flood Insurance Policy is pre-existing and/or did not occur from the flood in question.

6. Defendant are entitled to offset any and all flood caused damages, paid for under the Standard Flood Insurance Policy for the structure and contents and any FEMA grant money received by Plaintiff.

7. Plaintiff's claims are barred against this Defendant by the Statute of Limitations as the Standard Flood Insurance Policy was purchased from this Defendant in or before September 2016 and was renewed each year thereafter. Plaintiff received the flood policy and did not file suit against this Defendant until April 21, 2020, well beyond the two-year statute of limitations. A cause of action for <u>false, misleading, or deceptive trade practices</u> accrues on the day the policyholder receives a copy of the policy. *Sabine Towing & Transp. Co. v. Holliday Ins. Agency*, 54 S.W.3d 57 (Tex. App.—Texarkana 2001, pet. denied); *Mauskar v. Hardgrove*, No. 14-02-00756-CV (Tex. App. Jun. 19, 2003, no pet.).

8. Plaintiff was negligent in failing to read Texas Farmers Insurance Company's Flood Policy they received directly from Texas Farmers Insurance Company. A failure on Plaintiff to read the policy is a negligent failure as a matter of law. It makes no difference whether Plaintiff did read the policy, did not read the policy, or read the policy and did not understand it because upon receipt of the Flood Policy from Texas Farmers Insurance Company Flood Program, Plaintiff knew or should have known of the limitations and exclusions set forth in the standard policy.

Certified Document Number: 90423568 - Page 2 of 4

*Heritage Manor of Blaylock Properties v. Petersson*, 677 S.W.2d 689 (Tex. App.—Dallas 1984, writ ref'd n.r.e.); *Aspin Specialty Ins. Co. v. Muniz Eng'g, Inc.*, 514 F. Supp. 2d 972 (S.D. Tex. 2007). There is no duty on the part of an insurance agent to explain the policy provisions, but the obligation is on the Plaintiffs to read and review the policy to make sure it complied with the job order or understanding. This duty rests totally upon the insured. This Defendant is not a party to a FEMA issued flood policy.

## III.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, PETER ZOGRAFOS, respectfully request that the Court enter a take nothing judgment as to all claims alleged by Plaintiff, that the Court assess all costs of court against Plaintiff, and that the Court award these Defendant any and all further relief to which he may be justly entitled.

Respectfully submitted,

*/s/ E. Ray Edwards*
E. Ray Edwards #06443700
GANN & EDWARDS
7500 San Felipe, Suite 777
Houston, Texas 77063-1708
Telephone: (713) 787-0003
Facsimile: (713) 782-6785
eray.edwards@sbcglobal.net
ATTORNEY FOR DEFENDANT,
PETER ZOGRAFOS

Certified Document Number: 90423568 - Page 3 of 4

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above and foregoing instrument has been duly sent to all counsel of record in this cause, in the manner required by law, on this 1st day of May, 2020.

Todd G. Riff                                                                                           ***Via E-filing***
Gaily M. Bultron
Riff & Associates, P.C.
903 Welch St.
Houston, Texas 77006

                                                                   */s/ E. Ray Edwards*
                                                                   E. Ray Edwards

Certified Document Number: 90423568 - Page 4 of 4



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   May 19, 2020


Certified Document Number:        90423568 Total Pages: 4


Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

Case 4:20-cv-01784 Document 1-2 Filed on 05/22/20 in TXSD Page 15 of 20

5/4/2020 3:04 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 42727629
By: Tammy Tolman
Filed: 5/4/2020 3:04 PM

Tracking Number: 73744181

CAUSE NUMBER: 202024849

| | |
|---|---|
| PLAINTIFF: SABAS GRILL AND WOK LLC | In the 190th |
| vs. | Judicial District Court |
| DEFENDANT: ZOGRAFOS, PETER | of Harris County, Texas |

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at **3:30** o'clock **P**. M., on the **29** day of **April**, 20**20**,
Executed at (address) **5322 W. Belfort St. #206 Houston, Texas 77035**
in **Harris** County
at **11:50** o'clock **A**. M., on the **30** day of **April**, 20**20**,
by delivering to **Peter Zografos** defendant,
in person, a true copy of this
Citation together with the accompanying **1** copy(ies) of the
**original** Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this **30** day of
**April**, 20**20**.

FEE: $ _____

_____ of _____
County, Texas

**Cherry Jackson PSC14322**  By: _____
Affiant **Exp 04.30.22**           Deputy

On this day, _____, known to me to be
the person whose signature
appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited
on the return.

SWORN TO AND SUBSCRIBED BEFORE ME on this _____ of
_____, 20 _____

_____
Notary Public

Certified Document Number: 90444375 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   May 19, 2020

Certified Document Number:        90444375 Total Pages: 1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

4/21/2020 12:56:35 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 42445951
By: THOMAS, LISA E
Filed: 4/21/2020 12:56:35 PM

# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK
201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

CASE NUMBER: _____  CURRENT COURT: _____

Name(s) of Documents to be served: <u>Plaintiff's Original Petition and Request for Disclosure</u>

FILE DATE: <u>04/21/2020</u>  Month/Day/Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

Issue Service to: <u>Peter Zografos</u>

Address of Service: <u>5322 W. Bellfort St., Ste. 206</u>

City, State & Zip: <u>Houston, TX 77035-3038</u>

Agent (if applicable): _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

- [x] Citation
- [ ] Citation by Posting
- [ ] Citation by Publication    Newspaper _____
- [ ] Citations Rule 106 Service
- [ ] Citation Scire Facias
- [ ] Temporary Restraining Order
- [ ] Precept
- [ ] Notice
- [ ] Protective Order
- [ ] Secretary of State Citation ($12.00)
- [ ] Capias (not an E-Issuance)
- [ ] Attachment
- [ ] Certiorari
- [ ] Highway Commission ($12.00)
- [ ] Commissioner of Insurance ($12.00)
- [ ] Hague Convention ($16.00)
- [ ] Garnishment
- [ ] Habeas Corpus
- [ ] Injunction
- [ ] Sequestration
- [ ] Subpoena
- [ ] Other (Please Describe) _____

(See additional Forms for Post Judgment Service)

**SERVICE BY** (check one):
- [ ] ATTORNEY PICK-UP (phone) _____
- [x] E-Issuance by District Clerk
- [ ] MAIL to attorney at: _____    (No Service Copy Fees Charged)
- [ ] CONSTABLE
- [ ] CERTIFIED MAIL by District Clerk

*Note*: The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____
- [ ] OTHER, explain _____

Issuance of Service Requested By: Attorney/Party Name: <u>Todd G. Riff</u>    Bar # or ID <u>16915870</u>

Mailing Address: <u>903 Welch St., Houston, TX 77006</u>

Phone Number: <u>713-237-1100</u>

Certified Document Number: 90311419 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   May 19, 2020

Certified Document Number:        90311419 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

4/21/2020 12:56:35 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 42445951
By: THOMAS, LISA E
Filed: 4/21/2020 12:56:35 PM

# Marilyn Burgess
## HARRIS COUNTY DISTRICT CLERK
201 Caroline | P.O. Box 4651 | Houston, Texas 77210-4651 | 832-927-5800 | www.hcdistrictclerk.com

## Request for Issuance of Service

CASE NUMBER: _____  CURRENT COURT: _____

Name(s) of Documents to be served: **Plaintiff's Original Petition and Request for Disclosure**

FILE DATE: **04/21/2020** Month/Day/Year

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

Issue Service to: **Texas Farmers Insurance Company**

Address of Service: **15700 Long Vista Drive**

City, State & Zip: **Austin, TX 78728-3822**

Agent (if applicable) **Christine R. Granger**

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

- [x] Citation
- [ ] Citation by Posting
- [ ] Citation by Publication   Newspaper _____
- [ ] Citations Rule 106 Service
- [ ] Citation Scire Facias
- [ ] Temporary Restraining Order
- [ ] Precept
- [ ] Notice
- [ ] Protective Order
- [ ] Secretary of State Citation ($12.00)
- [ ] Capias (not an E-Issuance)
- [ ] Attachment
- [ ] Certiorari
- [ ] Highway Commission ($12.00)
- [ ] Commissioner of Insurance ($12.00)
- [ ] Hague Convention ($16.00)
- [ ] Garnishment
- [ ] Habeas Corpus
- [ ] Injunction
- [ ] Sequestration
- [ ] Subpoena
- [ ] Other (Please Describe) _____

(See additional Forms for Post Judgment Service)

**SERVICE BY** (check one):
- [ ] ATTORNEY PICK-UP (phone) _____
- [x] E-Issuance by District Clerk (No Service Copy Fees Charged)
- [ ] MAIL to attorney at: _____
- [ ] CONSTABLE
- [ ] CERTIFIED MAIL by District Clerk

Note: The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] CIVIL PROCESS SERVER - Authorized Person to Pick-up: _____ Phone: _____
- [ ] OTHER, explain _____

Issuance of Service Requested By: Attorney/Party Name: **Todd G. Riff**   Bar # or ID **16915870**

Mailing Address: **903 Welch St., Houston, TX 77006**

Phone Number: **713-237-1100**

Certified Document Number: 90311420 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   May 19, 2020

Certified Document Number:        90311420 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**